STATE OF MAINE *vs.* HARRY POOLE.

Penobscot County. Decided February 16, 1933. The respondent was indicted with one Lois M. Byers for adultery alleged to have been committed at Lincoln in the County of Penobscot. The state had the burden of proving that the respondent had had sexual intercourse with the said Lois M. Byers within the County of Penobscot at a time when he was lawfully married to someone else. The respondent's admission was the only evidence that at the time of the commission of the offense he had a wife then alive. The presiding Justice properly ruled that this was insufficient to prove the marriage as against Lois M. Byers, and he directed a verdict of not guilty as to her. After conviction of the other respondent a motion for a new trial was filed which was overruled by the presiding Justice, and the case is before us on an appeal from such ruling.

The evidence consists of admissions by the respondent to Dr. McNamara of the fact of his marriage. He also stated, after the act of adultery was alleged to have been committed, that he was about to apply for a divorce. Such evidence is sufficient to constitute prima facie proof of his marriage status. *State* v. *Libby,* 44 Me., 469. The silence of the respondent to the assertions made to him both by Dr. McNamara and by Lois M. Byers that the respondent was responsible for her pregnancy, together with the other proven facts, is evidence from which the jury were justified in finding that there had been sexual intercourse between him and her. It is likewise clear from an examination of the evidence that

the jury were warranted in finding that the offense was committed within the County of Penobscot. Appeal dismissed. Judgment for the State. *James D. Maxwell*, County Attorney, for the State. *Daniel I. Gould*, for respondent.